# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **5 STAR LIFE INSURANCE COMPANY,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| **v.** ] | **2:19-cv-00095-ACA** |
| ] | |
| **MONICA SMITH, et al.,** ] | |
| ] | |
| **Defendant.** ] | |

## MEMORANDUM OPINION

Before the court are Plaintiff 5 Star Life Insurance Company's ("5 Star") motion to dismiss (doc. 82) and motion for default judgment as to Shennell Fisher and George Poole (doc. 91). Also before the court are guardian *ad litem* Cindy Webb's petition for attorney's fees (doc. 88) and 5 Star's petition for attorney's fees and costs (doc. 89).

In this interpleader action, only one party presented evidence in favor of their claim: the decedent's minor children through their guardian *ad litem*. (Doc. 87). Accordingly, the court **WILL AWARD** the decedent's minor children, G.S., F.S., and S.S., equal proportions of the insurance proceeds, less Ms. Webb's attorney's fees. Further, the court **WILL GRANT** 5 Star's motion for default judgment against George Poole and Shennell Fisher. (Doc. 91). Finally, the court **WILL GRANT**

Ms. Webb's petition for attorney's fees (doc. 88) and **WILL DENY** 5 Star's petition for attorney's fees and costs (doc. 89).

## I.     BACKGROUND

5 Star issued a group life insurance policy covering Steven Small in the amount of $15,000. (Doc. 82-1). Mr. Small died without naming a beneficiary, and 5 Star filed this action in interpleader pursuant to 20 U.S.C. § 1335 to determine who is entitled to Mr. Small's insurance proceeds. (Doc. 37 at 1). In the absence of a named beneficiary, the policy provides that the proceeds may be paid to (1) the insured's surviving spouse, (2) the insured's children, (3) the insured's parents, or (4) the insured's brothers and sisters. (Doc. 82-1 at 29). 5 Star identified nine potential claimants to Mr. Small's insurance proceeds: Monica Smith, Brittany Boyd, Crystal Boyd, Shennell Fisher, George Poole, Gloria Small, G.S., F.S., and S.S. (Doc. 37 at 1–2).

Monica Smith and Shennell Fisher both claim to be Mr. Small's surviving spouse. (Doc. 5 at 3). Gloria Small claims to be Mr. Small's beneficiary based upon a writing by Mr. Small prior to his death. (*Id.*). Brittany Boyd and Crystal Boyd claim to be Mr. Small's adult children. (Doc. 5 at 2). George Poole claims to be Mr. Small's father. (Doc. 82 at 3). Finally, through their guardian *ad litem*, G.S., F.S., and S.S. claim to be Mr. Small's minor children. (Doc. 87 at 1–2).

Brittany Boyd, Crystal Boyd, Ms. Smith, Ms. Small, and the minor children all filed timely answers to 5 Star's complaint. (*See* Docs. 56, 57, 61, 62, 79). Ms. Fisher and Mr. Poole, however, failed to file a responsive pleading as required by Federal Rule of Civil Procedure 12(a)(1)(A)(i). Therefore, the Clerk entered default against Ms. Fisher and Mr. Poole (doc. 78), and 5 Star subsequently moved for default judgment (doc. 91).

The remaining parties participated in a Rule 26(f) conference. (Doc. 70). At the Rule 26(f) conference, all parties agreed that mediation would be beneficial. (Doc. 74 at 3). But following the conference, Ms. Small informed 5 Star that she would not agree to mediation if there was a possibility that Ms. Smith might get a portion of the insurance proceeds. (*Id.*). Because of Ms. Small's refusal to participate, the parties did not engage in mediation.

5 Star submitted a joint status report outlining the position of the parties. (Doc. 74). Brittany Boyd indicated that she did "not have any paperwork or proof to turn in." (*Id.* at 2). Crystal Boyd did not provide her position for the report and did not respond to 5 Star's attempts to reach her. (*Id.*). Ms. Smith indicated to 5 Star's counsel that she would not provide a response to the report. (*Id.* at 3). After multiple emails and phone calls from 5 Star's counsel, Ms. Small advised 5 Star that she would provide a response for the status report. (Doc. 74 at 2). But despite ample opportunity to do so, Ms. Small never provided a response or submitted any

evidence to the court. (Doc. 74 at 2– 3). The guardian *ad litem* indicated that she had not yet located her clients. (*Id.* at 2). But in a later filing, Ms. Webb provided the court with a guardian *ad litem* report recommending that the minor children share the insurance proceeds in equal proportions. (Doc. 87 at 4). Ms. Webb also produced the minor children's birth certificates to establish Mr. Small's paternity. (*Id.* at 8–10).

Next, 5 Star filed a motion to dismiss. (Doc. 82). The court set a hearing on 5 Star's motion and heard arguments on October 16, 2020. The only parties that attended the hearing were 5 Star and Ms. Webb, the minor children's guardian *ad litem*. At the hearing, the court noted that the deadline for discovery had passed on May 1, 2020, and the time for dispositive motions had passed on July 1, 2020. (*See* Doc. 71 at 2–3). Other than the minor children, no party has presented evidence to the court supporting their claim to the insurance proceeds.

## II.   DISCUSSION

### 1.   5 Star's Motion for Default Judgment

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the Clerk of Court must enter the party's default. Fed. R. Civ. P. 55(a). Second, after the Clerk's entry of default, if the defendant is not an infant or an incompetent person, the court may enter a default judgment

against the defendant if the well-pleaded allegations in the complaint state a claim for relief. Fed. R. Civ. P. 55(b)(2); *Nishimatsu Contr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

Here, both Mr. Poole and Ms. Fisher are named and properly served interpleader defendants who have failed to answer the interpleader complaint. (Doc. 37). Accordingly, the Clerk entered default against Mr. Poole and Ms. Fisher. (Doc. 78). Because of their failure to plead or otherwise defend this interpleader suit, Mr. Poole and Ms. Fisher have both forfeited any claim of entitlement that they may otherwise have had on the decedent's life insurance proceeds. Thus, an entry of default judgment against them is proper.

    2.    <u>5 Star's Motion to Dismiss</u>

5 Star filed this interpleader action so that the court could "determine which of the Defendants in the Interpleader are entitled to the proceeds." (Doc. 37 at 3). 5 Star makes no claim to the insurance proceeds and is seeking to avoid multiple liability by asking the court to determine the asset's rightful owner. The only party that has presented any evidence supporting a claim to the insurance proceeds is the guardian *ad litem* on behalf of the minor children. (Doc. 87).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Ms. Webb asserts in her report that Mr. Small is the presumptive father of the minor children. (*Id.* at 3). As evidence, she presented the children's birth certificates, on each of which Mr. Small is listed as the father. (*Id.* at 8–10). Under Alabama law, this is evidence of Mr. Small's paternity. *See* Ala. Code § 26-17-204; *J.W. v. C.H.*, 963 So. 2d 114, 117 (Ala. Civ. App. 2007). No party to this action has disputed that Mr. Small is the minor children's father. Because the insurance policy lists the insured's children as a class of beneficiaries if there is no named beneficiary, and no other party has presented evidence in support of a claim, the court finds that the minor children are entitled to the insurance proceeds. Thus, the three minor children, G.S., F.S., and S.S., will split the benefits in equal proportions.

### 3. Ms. Webb and 5 Star's Motions for Attorney's Fees

In an interpleader action, attorney's fees and costs are awarded at the discretion of the court. *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1497 (11th Cir. 1986). The "usual practice is to tax the costs and fees against the interpleader fund." *Id.* at 1498. Courts will often deny attorney's fees to a party when the party's "interpleader claim arises out of the normal course of business." *In re Mandalay Shores Co-op. Hous. Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994). This "standard is typically applied to insurance companies." *Id.*

Here, both Ms. Webb and 5 Star have filed motions for attorney's fees. (Docs. 88, 89). The court appointed Ms. Webb to represent the minor children in this case.

(Doc. 83). Ms. Webb spent 7.1 hours reviewing the pleadings and law in this case, speaking with the mother of the minor children, obtaining the children's birth certificates, and drafting her report. (Doc. 88 at 1–2). Accordingly, Ms. Webb is entitled to attorney's fees in the amount of $2,100 to be paid out of the interpleaded funds. (Doc. 88). In the interest of preserving the limited insurance proceeds for Mr. Small's beneficiaries, and because this interpleader action arose out of the normal course of 5 Star's business, the court denies 5 Star's motion for attorney's fees. (Doc. 89).

### III.   CONCLUSION

The court **WILL GRANT** 5 Star's motion to dismiss and remove 5 Star from the proceedings. (Doc. 82). The court **WILL GRANT** 5 Star's motion for default judgment as to Shennell Fisher and George Poole and enter default judgment against them. (Doc. 91). Because the minor children are the only parties that have presented evidence in favor of their claim to the proceeds, the court **WILL AWARD** each minor child an equal share of the insurance proceeds. Accordingly, the court **WILL ORDER** the Clerk to create a custodial account to hold the funds until each of the children individually reaches the age of majority. At that time, each beneficiary will be entitled to a distribution of $4,300 plus one third of the interest that has accrued in accordance with 28 U.S.C. § 1961. Finally, the court **WILL GRANT** Ms. Webb's motion for attorney's fees (doc. 88) and **WILL DENY** 5 Star's motion

for attorney's fees and costs (doc. 89). The court will enter a separate order consistent with this memorandum opinion.

    **DONE** and **ORDERED** this October 23, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE